# BASU LAW FIRM, PLLC

P.O.BOX 550496, HOUSTON, TEXAS 77255
P: 713-460-2673; F: 713-690-1508

January 19, 2011

<u>Via CMRR:70101670000073405104</u>

Mi Zhang; Jie Ren. Pei Ao, Zhang Yanyonng
c/o Loren R. Cook
2500 Wilcrest, Suite 201
Houston, Texas 77042

RE:  Employment of Eliud Garcia Ortiz and Jose Luis Macias at HongHua America, LLC and notice of intent to file suit

To the managers of HongHua, by and through their registered agent of service:

Our law office has been retained by Eliud Garcia Ortiz and Jose Luis Macias to represent them and to investigate and pursue all remedies available in conjunction with the terms and conditions of their employment with and subsequent termination of employment with HongHua America, LLC (hereafter referred to as "HongHua").

Generally, the factual basis for my clients' complaint is as follows:

Eliud Garcia Ortiz had worked at HongHua for approximately ten (10) months. HongHua placed a new manager over Mr. Ortiz in connection with his job responsibilities. This name of this individual is believed to be Mark Trahan. The manager informed Mr. Ortiz that if he wanted to keep his job, that he would have to pay him $500.00 every week, in cash. This demand was a method of extortion of money made on basis of my client's national origin, race, ethnicity, and color. Mr. Ortiz was forced to pay Mr. Trahan $500.00 every week in cash after he received his paycheck. On December 30, 2010, Mr. Trahan attempted to extort more money from Mr. Ortiz. Mr. Ortiz pleaded with his manager and informed him that he was unable to pay any additional amounts of money. On January 3, 2011, following Monday, on or about January 3, 2011, Mr. Ortiz was told that he did not have a job anymore.

Jose Luis Macias had worked at HongHua for approximately six (6) months. Similarly, the same manager, believed to be named Mark Trahan, was placed over Mr. Macias with his job responsibilities. The HongHua manager ordered Mr. Macias to pay him $1,200.00 per week in order to keep his job. Then, after several months of this extortion, the HongHua manager ordered Mr. Macias to pay him $1,500.00 on the same regular intervals to keep his job. Mr. Macias was unable to pay this amount and did not agree to the terms. This occurred in the beginning of December on a Friday. The following Monday, when Mr. Macias arrived to work, the HongHua manager fired Mr. Macias.

1



EXHIBIT E

Mr. Macias and Mr. Ortiz attempted on numerous occasions to contact individuals at the Company to resolve this matter before they were fired and while they were being extorted. On each instance, the manager and the secretaries would not allow them to speak with an individual on these matters. Following their illegal termination, Mr. Macias and Mr. Ortiz were required to seek legal representation. It has also come to our attention that this same manager is also extorting money from at least fifteen (15) other individuals at HongHua. This extortion is based strictly on their Hispanic race and national origin. Then, after failure to pay the requested amounts, our clients were fired. Ultimately, these terminations were based upon their race, national origin, color, and ethnicity. HongHua has given the authority to this manager to make terminations as an agent of the Company.

The purpose of this letter is to inform you that my clients intend to seek court intervention against your company. Specifically, my clients allege that HongHua and its agents intentionally discriminated against them because of their race, color ethnicity, and national origin. My clients will also pursue his causes of action under negligence, negligent hiring, supervising, training and retention, wrongful discharge.

My clients can pursue a claim of race, color and national origin discrimination pursuant to the Civil Rights Act of 1866, Title 42 U.S.C. section 1981, as amended by the Civil Rights Act of 1991, which prohibits discrimination towards identifiable classes of persons who are subjected to intentional discrimination solely because of their race or ancestry or ethnic characteristics. The advantage of bringing suit pursuant to this statute is that there is no requirement of pursuing a charge of discrimination with a state or federal agency (TWC, Civil Rights Division, or EEOC) prior to filing a lawsuit and there is no cap on the recovery of punitive damages.

HongHua can be liable for the conduct of employees even if management had no knowledge of the illegal conduct. The determination will be made in light of the following:

    a.    The principal authorized the doing and the manner of the act;

    b.    The agent was unfit and the principal was reckless in employing him or her;

    c.    The agent was employed in a managerial capacity and was acting in the scope of employment; or,

    d.    The principal or a managerial agent of the principal ratified or approved the act.

My clients intends to pursue punitive damages because the actions taken by HongHua show that they were taken with malice or reckless indifference of my client's rights. I do not need to show that such action was egregious in order to recover punitive damages. Nor do I need to show that HongHua or its agents had an actual awareness that the actions taken constituted discrimination.

My clients offer to settle all claims, now existing or that may exist arising out of the terms and

2

conditions of his employment and termination. In consideration for this, my clients will execute a release of all claims, a non-admission statement, and a confidentiality pledge, and will not pursue available administrative remedies. Pursuant to Rule 408 of the Federal and Texas Rules of Evidence, this letter constitutes an offer of compromise and is not admissible in evidence to prove or disprove liability or the invalidity of a claim.

If a satisfactory resolution of this matter cannot be reached, my clients intend on pursuing claims of discrimination on the basis of race, color and national origin in violation of state and federal law and Title 42 U.S.C. section 1981 of the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991.

In this regard, a thorough investigation into the hiring, promotion, retirement and termination practices of HongHua will be conducted in order to determine if race, color and national origin discrimination is present not only as it relates to my client but other employees, past and present.

At this time, Mr. Ortiz has authorized me to make a demand of $6000.00 of past wages, $2000.00 for mental anguish, $18,000.00 in future loss wages, attorney fee for $3000.00, for a total amount of $29,000.00.

At this time, Mr. Macias has authorized me to make a demand of $24,000.00 of past wages, $3500.00 for mental anguish, $18,000.00 in future loss wages, attorney fee for $3000.00, for a total of $48,500.00

Please issue payment to the undersigned at the above address for the total amount for both the clients jointly with the name of the law firm. If I receive no response within fourteen (14) days from your receipt of this letter, I will conclude that no attempt to enter into settlement negotiations is desired by HongHua prior to litigation, and all legal remedies will be pursued by my client including the filing of a lawsuit.

Sincerely yours,

A. Basu